**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

     Plaintiff,

v.                                                    Cr. No. 14-3236 MCA

ELVA MICHEL DE URIBE,

     Defendant.

<u>**ORDER**</u>

THIS MATTER is before the Court on Defendant Elva Michel de Uribe's Motion to Amend Detention Order (*Doc. 20*) to allow her release, with appropriate restrictions, pending sentencing. The United States opposes the Motion on the basis that Defendant has pled guilty to illegal re-entry. *See doc. 21*. As the magistrate judge originally assigned to this case, I have authority under 18 U.S.C. § 3143(a)(1) to release Defendant pre-sentencing if she produces "clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person or the community." Because Defendant has not met this burden, I will **DENY** Defendant's Motion.

I.      **BACKGROUND**

On September 2, 2014, Defendant was charged with illegally reentering the United States pursuant to 8 U.S.C. §§ 1326(a)(1) and (a)(2). *Doc. 1*. The following day Defendant waived her right to a detention hearing (*Doc. 5*) and the Court entered an order committing Defendant to the custody of the Attorney General (*Doc. 6*). On September 18, 2014, Defendant pled guilty as charged. *Doc. 15*. Defendant now alleges that, while working with an immigration attorney, she learned that she may be a United States citizen due to having been adopted as a minor in the

State of California. *Doc. 20* at 1; *Doc. 18*, Ex. A. Defendant represents that she is currently in the

process of compiling the paperwork necessary to establish whether she is in fact a citizen. *Doc.*

*20* at 2-3. If she is able to acquire the necessary documentation, she intends to file a motion to

withdraw her guilty plea based upon actual innocence. *Id.* at 4. At this point in time, the United

States maintains that Defendant is an alien who illegally re-entered the United States without

authorization. *Doc. 21* at 2.

II.    ANALYSIS

The statute governing the release or detention of a defendant pending sentencing or

appeal, 18 U.S.C. § 3143(a)(1), requires that a defendant found guilty of an offense be detained

unless the defendant shows by clear and convincing evidence that the defendant is not a flight

risk or a danger to the community. There is an exception for defendants whose guideline

sentence does not "recommend a term of imprisonment," *id.*, but it is not clear that this exception

applies to the case at hand. Defendant acknowledges that her guideline sentencing range is zero

to six months of incarceration. *Doc. 20* at 4. Under the plain language of the statute, it is

somewhat ambiguous whether this range constitutes a "guideline . . . [that] does not recommend

a term of imprisonment." Despite conducting extensive research, the Court was not able to find

any case law resolving this issue. Nevertheless, the most cogent reading of the clause "does not

recommend a term of imprisonment" excludes any guideline range that endorses, in any form or

fashion, the imposition of a prison sentence. In such a case, the district judge could sentence the

defendant to a "term of imprisonment" in accordance with the guideline; and the guideline would

naturally, therefore, be said to have recommended the resulting incarceration of the defendant as

one possible outcome.

The Court is aware that this interpretation of § 3143 nullifies any practical effect of the no prison sentence exception, at least for the time being. This is because the lowest possible guideline range is currently zero to six months. Of course, the guidelines could be amended so that the recommended guideline range for certain offenses at a given criminal history does not include a term of imprisonment. As the Court understands it, the no prison sentence exception is simply a stop-gap measure intended to prevent the detention of defendants who are not facing jail time, a possibility that existed when Congress passed § 3143, in 1984 - prior to the adoption of the sentencing guidelines. Because Defendant is facing and is in fact likely to receive a sentence that includes a term of imprisonment, the Court finds that Defendant is not exempted from the provisions of § 3143(a) and Defendant must remain in custody unless and until Defendant produces evidence justifying her release.

Here, Defendant argues that the non-violent nature of her crime, her lack of a significant criminal history, her connection with her children in Santa Fe, New Mexico, and her potential innocence demonstrate that she is not a flight risk or a danger to the community. The Court agrees that Defendant has adequately established that she is not a danger to the community. She is, however, a flight risk. In making this determination, the Court has considered: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against Defendant, and (3) the history and characteristics Defendant. *See* 18 U.S.C § 3142(g) (listing these factors as factors that are relevant to the flight risk analysis). All three factors weigh against Defendant's release. First, Defendant is charged with illegal re-entry, indicating that she may have ties to a foreign country. Second, Defendant has pled guilty to illegal re-entry, thereby admitting, at least until her anticipated motion to withdraw her guilty plea is resolved, her status as an illegal alien. While Defendant claims that she is "probably" innocent (*Doc. 20* at 1), she has not presented

3

definite evidence of her innocence and currently stands guilty of this offense. The Court will, therefore, proceed as if Defendant is an illegal alien. Third, according to the pretrial services report created at the time of her arrest, Defendant has a history of failing to appear at Court and is currently subject to an Immigrations and Customs Enforcement ("ICE") detainer. The parties disagree about whether the ICE detainer allows Defendant to be released from custody pending sentencing.[1] Defendant, however, does not dispute that she is subject to an ICE detainer. The existence of this detainer threatens her with deportation. In the circumstance that Defendant is unable to prove her United States citizenship, this detainer could become an inducement to evade the Court's jurisdiction. By reentering the country after her first deportation and failing to appear for required court proceedings, Defendant has demonstrated a history of this behavior. For all of these reasons, the Court finds that Defendant has failed to satisfy her burden of showing that she is not a flight risk; and the Court denies Defendant's Motion.

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant argues that the detainer does not "impede the Court's discretion to release" her because it specifically states that it does not "limit your discretion to make" custody decisions. *Doc. 20* at 5. Although the United States does not directly address this argument in the response, it asserts that Defendant would be transferred to ICE custody if she was released. *Doc. 21* at 3. Defendant did not file a reply further clarifying this issue.